**Hearing Aids Sales**

KANE, *Attorney General,* RAINS, *Deputy Attorney General,* and YAKOWICZ, *Solicitor General,* April 5, 1978—By memorandum dated March 27, your office has asked the opinion of this Department as to the legal effect of section 309 of the Hearing Aid Sales Registration Law of November 24, 1976, P.L. 1182, 35 P.S. §6700-309. Under section 301 of the law, there are two types of registration certificates for which an individual may qualify: 1) the certificate for "hearing aid fitter" for those persons engaged in fitting and selling of hearing aids, and 2) the certificate for "hearing aid dealer" for those persons engaged in the business of selling hearing aids. Under section 302 of the act,

the secretary of health may require proof of the honesty, truthfulness and good reputation of the applicant for either type of certificate, but in addition must give an examination to any person seeking a certificate as a hearing aid fitter. An individual who wishes merely to be licensed as a hearing aid dealer is not required to take this examination.

Section 309 of the law, entitled persons excluded from registration, provides a qualified exception to the registration requirements outlined above. That section states:

"This act does not apply nor affect any physician or surgeon licensed under appropriate licensing laws or to an individual supervised by such physician or surgeon, who does not directly or indirectly engage in the sale or offering for sale of hearing aids, nor to any audiologist or to an individual supervised by such audiologist in conducting fitting procedures and who does not directly or indirectly engage in the sale or offering for sale of hearing aids."

The question you have asked is whether or not physicians, surgeons or audiologists are obligated to take an examination to qualify as hearing aid fitters or should merely be registered as hearing aid dealers.

It is our opinion and you are so advised that the legal effect of section 309 is to exclude all physicians, surgeons and audiologists from the requirement of taking the examination to become hearing aid fitters, and only to require these professionals to be licensed as hearing aid dealers should they engage directly or indirectly in the sale or offering for sale of hearing aids.

In ascertaining the intention of the General Assembly in the enactment of a statute, the Statutory Construction Act mandates several presumptions. First, the General Assembly does not intend a result that is either absurd or unreasonable: 1 Pa.C.S.A. §1922(1). If section 309 will operate to require some, but not all, licensed physicians, surgeons and audiologists who fit hearing aids to take the examination as hearing aid fitters, it is apparent that there would be an absurd and unreasonable result. That is, taking two physicians, if both engage in the fitting of hearing aids, but only one is engaged in the selling of hearing aids, only one will be required to take the examination. That is, the requirement for taking the examination to be a fitter would not be dependent upon whether or not the professional engages in the fitting of hearing aids, but only on an unrelated activity—sale. In legal terminology, there would be no "nexus" between the activity giving rise to the obligation to take the examination and the activity which is to be examined.

Second, it must be presumed that the General Assembly intends an entire statute to be effective: 1 Pa.C.S.A. §1922(2). The entirety of Article IV of the Hearing Aid Sales Registration Law, 35 P.S. §6700-401 et seq., is focused on ensuring that persons obtaining hearing aids will be referred to physicians for a proper medical examination, diagnosis, prescription and opinion. Thus, the law clearly recognizes the expertise of physicians in making medical determinations relative to the fitting of hearing aids. This provision would be meaningless if, in fact, section 309 were meant to eradicate the presumption of physicians' competence in this area. Certainly if some physicians were in-

tended by the act to be licensed as fitters, those physicians would not be required to refer prospective purchasers to physicians. However, section 402 does not except any registered fitter from the requirement of referring prospective purchasers to physicians. This, too, is an indication that physicians were not meant to be registered as fitters.

Third, it is a general rule of statutory construction that a later statute shall not be construed to repeal an earlier statute unless the two statutes are irreconcilable: 1 Pa.C.S.A. §1971(c). The Medical Practice Act of July 20, 1974, P.L. 551, provides that all physicians who have complied with the requirements of the State Board of Medical Education and Licensure and who have passed a final examination and have otherwise complied with the provisions of that act, shall receive a license entitling them to the right to practice medicine and surgery without restriction in this Commonwealth: Act of July 20, 1974, P.L. 551, 63 P.S. §421.10(a). Further, "medicine and surgery" are defined as the art and science having for its object the cure of the diseases of and the preservation of the health of man including all practice of the healing art with or without drugs, except healing by spiritual means or prayer: 63 P.S. §421.2(3). Clearly, "all practice of the healing art" would include those things defined as "fitting" under section 103 of the Hearing Aid Sales Registration Law: 35 P.S. §6700-103. Thus, to require licensed physicians and surgeons to take an additional examination in order to fit hearing aids would be to deprive them of their right to practice medicine and surgery without restriction in this Commonwealth. This would effect an implied repealer in part of the Medical Practice Act of 1973, which implied repealer we cannot presume to have

been the intent of the General Assembly.

Finally, although the reasons ascribed in the preceding two paragraphs only apply directly to physicians and surgeons, because audiologists are treated identically with physicians and surgeons in section 309 of the Hearing Aid Sales Registration Law, it must be concluded that they too were not meant to be required to take the examination or to register as hearing aid fitters even if they, in fact, engage in the sale of hearing aids. They, like physicians and surgeons, are only required to register as hearing aid dealers should they be engaged directly or indirectly in the sale of hearing aids.